UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| IN RE ) | Bankruptcy Case |
| ) | No. 12-63141-fra7 |
| CYNTHIA LEE NORK, ) | |
| ) | MEMORANDUM OPINION |
| Debtor. ) | |

The Debtor claims as exempt under Oregon's homestead exemption a cell phone tower situated on the property in which she resides. The Trustee objects to the claimed exemption, asserting that the tower is not part of the exempt homestead. The matter came on for hearing on November 27, 2012. The Court heard the testimony of the Debtor and her witnesses, the arguments of counsel, and then took the matter under advisement. For the reasons set forth in the memorandum, I find for the Debtor, and overrule the Trustee's objection.

## I. FACTS

The Debtor resides on a 10 acre parcel in semi-rural country northwest of Medford, Oregon. The property is subject to a deed of trust recorded on January 15, 2008.

A corner of the property some distance from the Debtor's house was leased to a cell phone company for the purpose of erecting one of the countless cell phone towers that now cover the American landscape. The lease, a memorandum of which was recorded on May 4, 2010, provides for the construction and maintenance of the structure, an easement for access to the site, and provides that the tower and adjoining service facility remains the property of the tenant. Also recorded on May 4, 2010, was an attornment

Page 1 - MEMORANDUM OPINION

agreement between the cell phone company and the lender, providing that the lender, should it acquire title to the subject property, would honor the terms of the lease. In return, the cell phone company agreed to accept the cell phone company as its new landlord, and make rental payments to it.

According to testimony at the hearing, the rent payments for the cell phone tower are $1,000 a month. Debtor applies the entire rent received toward her monthly home loan payment of $2,477.81.

Debtor filed her petition for relief on July 16, 2012. Schedule A accompanying the petition lists the subject property as having a value of $220,000, and subject to a secured claim of $383,779. No reference is made, either in Schedule A or Schedule B, to the cell phone tower lease. Moreover, Debtor's Schedule C, setting out property claimed as exempt, omits any mention of the homestead property.

An amended Schedule C was filed on September 18, 2012. The amended schedule claims as exempt the home, to which a value was ascribed of $239,665, and the cell tower, with a value of $80,000. The claim is based on ORS 18.395, which establishes Oregon's homestead exemption. The Trustee, on September 26, 2012, filed a timely objection to the claimed exemption, asserting that ORS 18.395 does not apply to the cell phone tower (Docket #13).

## II. DISCUSSION

As noted, the agreement between the Debtor and her tenant provides that the cell phone tower and related facilities are property of the tenant, and not the Debtor. The matter could be easily resolved on that note: the tower is not property of the estate, and therefore not subject to either the Trustee's control or the Debtor's claim of exemption. However, it was manifestly clear at the hearing that the real issue is not the tower, but the Debtor's right to retain the proceeds of the ground lease of a corner of her homestead property. So long as it has subject matter jurisdiction, the Court may decide a controversy between the parties presented, with their mutual consent, at trial. Since it is clear that the actual controversy between the parties is the exempt status of the lease, the Court may, and for expedience sake should, determine whether the proceeds of the lease are encompassed by Oregon's homestead exemption statute. I find that it is.

ORS 18.395 provides that "A homestead shall be exempt from sale on execution, from the lien of every judgment and from liability in any form for the debts of the owner to the amount in value of $40,000,

Page 2 - MEMORANDUM OPINION

except as otherwise provided by law." The exemption applies to the "actual abode" of the judgment debtor, or the debtor's spouse, parent or child. The exemption extends to the proceeds of any sale of the abode to an amount not exceeding $40,000 ($50,000 for joint debtors), so long as the proceeds are held for a period not exceeding one year with the intention of procuring another homestead. ORS 18.395(2). Oregon law requires that the homestead provision be liberally interpreted in light of its goal to "assure to the unfortunate debtor...the shelter and influence of home...." *Banfield v. Schulderman, et al,* 137 Or. 167, 178-79, 298 P. 905, 907 (1931). The *Banfield* court enjoins courts construing Oregon's homestead exemption to "employ the most liberal and humane rules of interpretation" in construing the statutory text. The principal focus of Oregon's homestead law is the debtor's possessory interest in the property in which he or she lives. "The homestead right does not depend upon the character or extent of the estate owned by [the debtor], providing he is not a mere intruder." *Marvin & Co. v. Piazza,* 129 Or. 128, 133, 276 P. 680, 681 (1929), cited in *In re Casserino,* 379 F.3d 1069 (9th Cir. 2004). In *Casserino*, the Court of Appeals for the Ninth Circuit held that Oregon's homestead exemption extended to a security deposit given by a tenant in order to establish his right to reside in a rented apartment. In *Troutman v. Erlinson,* 44 Or.App. 239, 605 P.2d 1200 (1980), the debtor lived in a mobile home that he owned, but which sat on real property leased from somebody else. The Court of Appeals held that, so long as the debtor had a right to possess the real property, he could claim a homestead exemption in the land regardless of whether or not he exercised his option to purchase it.

      The exemption statute, by its terms, applies to the cash proceeds of a sale of the homestead property. It appears to be a question of first impression as to whether the exemption extends to any rents derived from any lease of the homestead. The issue was addressed by the Supreme Court of Wisconsin in *Schwanz v. Teper,* 66 Wis.2d 157, 223 N.W.2d 896 (1974). As in the case now before me, the debtor in *Schwanz* was dependant on the rental proceeds to protect the homestead interest. The Wisconsin court, quoting an opinion from the Iowa Supreme Court, said that "It is certainly the spirit and purpose [of the statute] to exempt not only the homestead, but also the use thereof, for without the use the exemption would be valueless." 223 N.W.2d at 901, quoting from *Morgan & Hunter v. Rountree,* 88 Iowa 249, 258, 55 N.W. 65, 66 (1893).
// // //

Page 3 - MEMORANDUM OPINION

Consistent with the Oregon Supreme Court's admonition to construe Oregon's homestead provision liberally in favor of the homeowner, I find that the homestead exemption applies not only to sale proceeds held for reinvestment in a new homestead, but also to rental proceeds to the extent they are used to pay debt service secured by the homestead. It follows that the Debtor's claim to exempt the rental proceeds – which I construe is the point of her attempt to exempt the "cell tower" – should be sustained, and the Trustee's objection thereto overruled.

The foregoing constitutes the Court's findings of fact of and conclusions of law. Counsel for the Debtor should submit a form of order consistent with the foregoing.

FRANK R. ALLEY, III
Chief Bankruptcy Judge